IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 11 |
| | ) | |
| TRINITY 83 DEVELOPMENT, LLC, | ) | 16-24652 |
| Debtor. | ) | |
| | ) | |

**N O T I C E**

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 24th day of October, 2017, at the hour of 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable DEBORAH L. THORNE, Bankruptcy Judge, in the Courtroom usually assigned to her, No. 613, United States District Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other Bankruptcy Judge who may be sitting in his place and stead and shall then and there present the attached Motion, at which time and place you may appear, if you so see fit.

/s/ Gina B. Krol
GINA B. KROL
105 W. Madison St., Suite 1100
Chicago, IL 60602
312/368-0300

GINA B. KROL, on oath, deposes and states that she served a copy of the foregoing Notice together with a copy of the Application attached hereto on the persons shown above by the means set forth herein, this 18th day of October, 2017.

.                                                                          /s/ Gina B. Krol

## **SERVICE LIST**

US TRUSTEE
c/o Ms. Gretchen Silver
Via CM/ECF

Colfin Funding Midwest LLC
c/o Ms. Lauren Newman
Via CM/ECF

Mr. George Yukich
c/o Mr. John Cooney
Via CM/ECF

19100 Crescent Building LLC
c/o Ms. Shiela Ramacci
Via CM/ECF

**IN THE UNITED BANKRUPTCY COURT
FOR THE NORTHERN ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | Chapter 11 |
| | ) | |
| **TRINITY 83 DEVELOPMENT LLC,** | ) | 16-24652 |
| | ) | |
| **DEBTOR.** | ) | |

### DEBTOR'S MOTION TO AUTHORIZE SALE OF ASSETS APPROVE THE SALE TERMS AND PROCEDURES AND SCHEDULE AN AUCTION AND HEARING TO APPROVE THE SALE

TO THE HONORABLE DEBORAH L. THORNE
    BANKRUPTCY JUDGE

NOW COMES TRINITY 83 DEVELOPMENT LLC, Debtor in Possession herein ("Debtor"), by and through its Attorneys, Gina B. Krol and Cohen & Krol, and respectfully moves this Honorable Court for the entry of an order pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002, 6004, 6006, 9007, 9008, and 9014: (a) authorizing the sale of the certain Personal Property of the Debtor free and clear of any liens, claims or encumbrances (with any such liens, claims or encumbrances to attach to the proceeds of sale) to 19100 Crescent Building LLC(the "Purchaser"), pursuant to the terms herein; (b) authorizing the Debtor to offer the Real and Personal Property for sale at auction pursuant to the terms provided herein; (c) approving (i) certain bid protections and procedures (the "Bidding Procedures") and (ii) the form and manner of the sale notice (the "Notice Procedures"), as provided herein; (d) establishing procedures for the assumption and assignment of certain contracts; (e) scheduling an auction, if necessary; and (f) scheduling a hearing to approve the sale of said Real and Personal Property and assumption and assignment of certain contracts. In support of this motion, the Debtor states as follows:

I. INTRODUCTION

1. On August 1, 2016 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code. .

2. The Debtor is the owner of certain commercial real property which consists of a two tenant building that is located at 19100 S. Crescent Dr., Mokena, IL. In addition, the Debtor is also the owner of certain personal property in the nature of equipment, used in the operation of the commercial building. All assets subject to his motion shall hereinafter be referred to as the "Property."

3. The Debtor has received an offer from 19100 Crescent Building LLC to purchase the afore-mentioned Property. In summary, the Purchaser has offered to purchase the Property, free and clear of liens, claims and encumbrances, for $1,715,000.00 without any material contingencies other than the Auction described below and the entry of a final order approving the sale.

4. This Court has core jurisdiction to hear and resolve this motion pursuant to 28 USC §§157(b)(2)(A), (M), (N), and(O) and 1334.

TERMS OF THE AGREEMENT

5. On or about October 17, 2017, the Debtor received a contract to purchase from the Purchaser for the sale of the Property, subject to Bankruptcy Court approval. The contract for purchase is attached hereto as Exhibit "A". The Purchaser has offered to pay the Debtor $1,715,000.00 for the Property ("Purchase Price"). Upon the execution of a sale agreement, the Purchaser will make an earnest money deposit ("Earnest Money Deposit") in the amount of Ten Thousand Dollars ($10,000.00).

6. The Agreement provides for the conveyance of the interest in the Property to Purchaser free and clear of all liens, claims or encumbrances.

### III. TERMS AND PROCEDURES OF THE AUCTION

**A.  The Auction**

7. The Sale Agreement recognizes, and is expressly subject to, the right of the Debtor to offer the Property to other parties at an auction sale (the "Auction"). This motion contemplates that the Debtor will offer the Property for sale at the Auction, subject to the Bidding Procedures set for in this motion and as otherwise approved by this Court.  As soon as practicable after the conclusion of the Auction, the Debtor (a) shall consult and review each Qualified Bid (as defined below) on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummation of the transaction, (b) shall determine, in her business judgment, which Qualified Bid is the highest or otherwise best offer (the "Winning Bidder"), and (c) reject at any time before entry of an Order, any bid that, in the Debtor's reasonable discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Estate and its creditors (the "Bid Analysis").  In conducting its Bid Analysis, the Trustee may take into account the "break-up fee," as defined herein.

**B. Bid Terms**

8. The Purchase has requested, and the Debtor proposes that the Bidding Procedures set forth immediately below should govern the Auction of the Property, and that this Court should enter an order to that effect (the "Procedures Order") in the form attached hereto:

(a)     Any competitive bidding for the Property shall be conducted at an auction (the "Auction") at the law offices of Debtor's counsel, Cohen & Krol, after which the Court, after notice and hearing, shall enter an order, authorizing the Sale of the Property free and clear of liens and interests (the "Sale Order").  At the Auction, the Debtor shall conduct the sale by open bidding, except that nothing contained

        in the Procedures Order or elsewhere shall prohibit the Debtor, at the Auction, from conducting separate or joint discussions with the Purchaser, any Qualified Bidder (as defined below) or any creditor or their representatives in private and not on the record of such proceeding.  A court reporter shall make a record of the open bidding as it occurs.

(b)    Unless otherwise ordered by the Court for cause shown, for any person to participate in the Auction (each a "Potential Bidder"), such person must deliver to the Debtor such information as the Debtor shall request establishing a Potential Bidder's ability to close the Sale of the Personal Property in a timely manner, including a demonstration of financial wherewithal to close such sale; a wire transfer or cashier's or certified check made payable to the Debtor in an amount of $50,000.00 as the Earnest Money Deposit; and an executed agreement for purchase of the Property in substantially the same form as the Agreement, are in form and substance acceptable to the Debtor.  Any person qualifying under all of the above standards shall be entitled to bid to purchase the Property and will be hereinafter referred to as a "Qualified Bidder."  Any bid made by a Qualified Bidder shall be referred to as a "Qualified Bid."  Any party wishing to bid at Auction for the purchase of the Real and Personal Property must submit said bid and bidding requirements to the Trustee by no later than November 20, 2017.

(c)    A copy of the Bidding Procedures shall be served with the Notice of Auction Sale respecting the Auction (the "Auction Notice") and served pursuant to the procedures described in this motion.  The Auction Notice shall specify the Auction Date and the time and place of the Auction.

(d)    The Debtor will grant reasonable access to the Property to any person expressing an interest in viewing the same for the purpose of making a bid thereon and the Debtor will further agree to make financial and such other information concerning the Property available to prospective bidders.

(e) The Debtor will offer the Property for sale at the Auction in conformity with these Terms and Procedures and the Procedures Order. At the conclusion of the Auction, the Trustee will undertake the Bid Analysis to determine which Qualified Bid is, in her best judgment, the Winning Bid. At the conclusion of the Bid Analysis, the Debtor shall ask the Court to enter an order authorizing the Trustee to consummate the transaction in accordance with the Winning Bid with the Winning Bidder and to execute such additional documentation as is reasonably necessary to close such Sale (as defined below).

(f) The Procedures Order will include a requirement that any initial "topping" bid must be in the amount of not less than One Million Eight Hundred and Fifteen Dollars ($1,815,000.00).

(g) The Procedures Order will include a requirement that bidding increments be in an amount not less than Fifty Thousand Dollars ($50,000.00) of the previous bid.

(h) The offers of all Qualified Bidders shall be irrevocable until the earlier of (i) the Closing of the sale of the Property or (ii) the withdrawal of the Property for sale by the Debtor.

(i) In the event that a Winning Bidder defaults in the performance of its obligation to purchase the Property pursuant to a Winning Bid, the Winning Bidder's Earnest Money Deposit shall be forfeited and shall immediately be transferred to the Debtor. Notwithstanding the foregoing, such forfeiture shall not be in full satisfaction of any damages caused to any person by Winning Bidder's default as described herein. Any person making an Earnest Money Deposit who does not become the Purchaser (as the Winning Bidder as specified in the Sale Order as entered by the Court) shall have its Earnest Money Deposit returned to it within two (2) business days after the conclusion of the hearing at which time the Winning Bid is confirmed.

(j)     In the event that a Winning Bidder defaults in the performance of its obligations to purchase the Property pursuant to a Winning Bid, then the next highest bidder for the Property shall be required to proceed as the Winning Bidder. Consequently, that person's bid (the "Back-Up Bid") will be treated as the Winning Bid, without further notice, hearing or entry of additional order by the Court.

(k)     Any sale of the Property pursuant to the Sale Order (the "Sale") shall be free and clear of all liens, claims, encumbrances, and interests (unless otherwise agreed to by such Winning Bidder), with such liens, claims, encumbrances, and interests attaching to the proceeds of the Sale (the "Sale Proceeds") in the same priority as those liens and interests enjoyed prior to the Auction and Sale. The Sale Order shall expressly so provide.

(l)     Except as may otherwise be specified in the Agreement, THE SALE OF THE PROPERTY SHALL BE ON AN "AS IS, WHERE IS" BASIS AND WITHOUT REPRESENTATIONS OR WARRANTIES OF ANY KIND, NATURE OR DESCRIPTION BY THE DEBTOR, THE BANKRUPTCY ESTATE, OR ITS RESPECTIVE AGENTS. By submitting a bid, each Qualified Bidder shall be deemed to have acknowledged and represented that (i) it has had an opportunity to inspect and examine the Property and to conduct any and all due diligence regarding the Property prior to making its bid; (ii) it has relied solely upon it own independent review, investigation and/or inspection of any documents and the Property in making its bid; and (iii) it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Property by any person whatsoever, or the completeness of any information provided in connection therewith or the Auction.

(m) Notwithstanding anything to the contrary in this Motion or the Agreement, a Winning Bid shall have been accepted by the Debtor only upon entry of the Sale Order and the Debtor will not be obligated to take any action related to the sale of the Property unless and until the Court enters the Sale Order. The Debtor's presentation to the Court for the approval of a Winning Bid does not constitute the Debtor's acceptance thereof.

(n) Upon the Court's entry of the Sale Order, a Winning Bidder(s) (which may be the Purchaser) shall become the "Purchaser."

(o) If the Winning Bidder, other than the original Purchaser, 19100 Crescent Building LLC, shall acquire the Property under competitive bidding as described herein, then Millennium Garage Holdings LLC shall be entitled to a cash break-up fee of Seventy-Five Thousand Dollars ($25,000.00) ("Break-Up Fee"), which amount will paid by the Debtor from the proceeds of the Sale of the Property at the closing. However, if 19100 Crescent Building LLC acquires the Property, then 19100 Crescent Building LLC shall not be entitled to payment of the Break-Up Fee or any reduction of the Purchase Price or Winning Bid. If 19100 Crescent Building LLC acquires the Property, the price set forth in the Winning Bid shall thereafter be and constitute the Purchase Price pursuant to this Agreement.

9. To the extent that a Break-Up Fee is paid to the Purchaser in connection with the Bidding Procedures, such Break-Up Fee must and shall remain free and clear of any claim or lien of secured creditors. *See In re CXM, Inc.,* 307 B.R. 94 (Bankr. N.D. Ill. 2004).

## IV. THE SALE HEARING

10. At the conclusion of the Auction, if any, and as soon as the Debtor has determined which person is or persons are the Winning Bidder, the Debtor shall present the Winning Bid to the Court and request the entry of the Sale Order containing all approvals and authorizations that, in the Debtor's judgment, are necessary to

       effectuate and consummate the transactions set forth in the Winning Bid(s). The Debtor will seek a finding in the Sale Order that the Purchaser is a good faith purchaser.

11.   Notwithstanding anything to the contrary, in this motion or the Agreement, a Winning Bid will have been accepted by the Debtor only upon entry of the Sale Order, and the Debtor will have no obligation to any entity, nor be obligated to take any action related to the sale of the Property, unless and until the Court enters a Sale Order satisfactory to the Debtor. The Debtor's presentation to the Court for the approval of the Winning Bid does not constitute the Debtor's acceptance thereof. Should no other "Qualified Bids, as such term is defined in the Agreement, be received, then the Debtor shall submit the Agreement to the Court for approval.

## V. THE RELIEF REQUESTED

12.   By this motion, the Debtor respectfully requests that the Court immediately enter the Procedures Order in the form attached to this motion, which provides essentially for the following relief:

    A.    Authorizes the Debtor to offer the Property for sale at the Auction;

    B.    Approves the Bidding Procedures for the sale of the Property;

    C.    Approves the provision for the Break-Up Fee and other Bid Protections in favor of Purchaser under the terms of the Agreement in the event that Purchaser is not the Winning Bidder for the Property;

    D.    Sets the time for the Auction as 11:00 a.m. Central Time, on November 21, 2017 and the place for the Auction as the Offices of Attorneys for the Debtor, Cohen & Krol, 105 W. Madison Street, Suite 1100, Chicago, IL 60602;

    E.    Sets a deadline for parties to submit competing bids and bid requirements by November 20, 2017;

    F.    Sets a deadline for parties to object to the proposed sale by November 24, 2017 and schedules sale hearing to be held, subject to Court's availability,

    on November 28, 2017, at which time the Debtor will seek the entry of the Sale Order (the "Sale Hearing"); and

  F. Authorizes and directs the Debtor to execute any documents that may be reasonably necessary or desirable to implement the Agreement.

## VI. BASIS FOR RELIEF REQUESTED

13. The Debtor believes that the sale of the Property to Purchaser, subject to the Auction, represents the best opportunity under the existing circumstances to maximize the value of this particular property. The Debtor has reached this conclusion, based on the exercise of its business judgment, after consultation with the parties. Accordingly, the Debtor respectfully submits that entry of the Procedures Order and the Sale Order are in the best interests of the estate and its creditors and should be approved.

14. The Debtor has also determined that it is in the best interests of the estate that the Court authorizes the Debtor to sell the Property at the Auction. The Debtor proposes to conduct the Auction at the Offices of Debtor's Attorneys, Cohen & Krol, or such other place as the Debtor designates, on November 21, 2017, or such other place or date as the Court shall set.

## VII. SALE UNDER SECTION 363 (b)(1)

15. Section 363(b)(1) permits a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. "[T]he sale substantially all of a debtor's assets is a transaction outside of the ordinary course of business, which requires bankruptcy court approval to become effective." *In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527, 531 (3rd Cir.1999).

16. Courts generally approve sales outside of the ordinary course of business under §363(b)(1) whenever such sale is in the best interests of the estate. *See, In re Telesphere Communications, Inc.,* 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.,* 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

17. Additionally, courts generally require that adequate and reasonable notice of the sale be provided to interested parties, and that the purchase price be fair and reasonable. *See, In re Delaware & Hudson Rwy. Co.,* 124 B.R. 169, 176 (D.Del. 1991); *In re Taylor,* 198 B.R. 142, 156-57 (Bankr. D. S.C. 1996); *In re Country Manor of Kenton, Inc.,* 172 B.R. 217, 220 (Bankr. N.D. Ohio 1994). Further, the Debtor and the Purchaser will request that the Court make a finding that: (i) the Purchaser acted in good faith in negotiating the sale price; (ii) the Notice Procedures provided sufficient notice for entry of the Sale Order; and (iii) the sale price is fair and reasonable.

## VIII. SECTION 363(M) GOOD FAITH PURCHASER DESIGNATION

18. Section 363(m) of the Bankruptcy Code, which pertains to a sale such as that proposed in this Motion, incorporates the term "good faith" as a requirement. Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or lease such property **in good faith**, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

> 11 U.S.C. §363(m) (emphasis added).

19. A good faith purchaser under Section 363 (m) has been defined in the case law to mean "one who purchases in 'good faith' and for 'value'." *Kabro Assocs. Of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hills Assocs.),* 111 F.3d 269, 276 (2d Cir. 1997), citing, *Cumberland Farms Dairy, Inc. v. National Farmers' Org. (In Re Abbotts Dairies of Penn., Inc.),* 788 F.2d 143, 147 (3d Cir. 1986)); *see, Ewell v. Diebert (In re Ewell),* 958 F.2d 276, 281 (9th Cir. 1992); *Badami v. Burgess (In re Burgess),* 246 B.R. 352, 355-56 (B.A.P. 8th Cir. 2000).

20. As the United States Court of Appeals for the Seventh Circuit stated in *In re Rock Industries Machinery Corp.,* 571 F.2d 1195 (7th Cir. 1978), the "good faith" component of the test:

> speaks to the equity of [the bidder's] conduct in the course of sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

Id. At 1198; *see, Kabro Assocs.,* 111 F3d at 276; *Mark Bell Furniture Warehouse, Inc. v. D.M. Reid Assocs. (In re Mark Bell),* 992 F.2d 7, 8 (1st Cir. 1992); *In Ewell,* 958 F.2d at 281.

21. With respect to the proposed transaction, the managing member of this Purchaser LLC is a business associate of the managing member of the Debtor; however, no person affiliated with the Debtor has any financial stake in this Purchaser LLC. Notwithstanding this, the Debtor will request a finding if it believes the Purchaser qualifies for designation as a good faith purchaser. In this respect, the Debtor may provide testimony that the Purchaser has at all times in the sales process and Auction, acted in good faith.
Accordingly, at the Sale Hearing, the Trustee may request that the Court designate the Purchaser as a good faith purchaser, as such term is used in §363(m).

### IX. BREAK-UP FEE

22. "A break-up fee, or more appropriately a termination fee, is an incentive payment to a prospective purchaser with which a company fails to consummate a transaction." *In re Integrated Resources, Inc.,* 147 Bankr. 650, 653 (S.D.N.Y. 1992), app. dismissed on jurisdictional grounds, 3 F.3d 49 (2d Cir. 1993). Outside of bankruptcy, the courts have dealt with the concept of break-up fees and other

bidding incentives in merger and acquisition cases, in which break-up fees are often part of the deal. The break-up fee is designed in part to compensate for the risk of losing a signed deal. *Beebe v. Pacific Realty Trust,* 578 Supp. 1128, 1150 n.7 (D.Or. 1984).

23. Generally, break-up fees are allowed as long as they "enhance" the bidding, and are reasonable in relation to the bidder's efforts and the size of the transaction. As long as procedural safeguards accompanied the approval of the bidding incentive by the board of directors, those bidding incentives will not be disturbed by the courts. The Court should consider the potential Purchaser's investment of both time and money when determining whether a break-up fee is reasonable. In general, a break-up fee is permissible if reasonably related to the bidder's efforts and the transaction's magnitude. *Cottle v. Storer Communications, Inc.,* 849 F.2d 570, 578 (11th Cir. 1988).

24. Purchaser has undertaken due diligence in determining whether to make an offer for the Property. Any other prospective purchaser may choose to do less due diligence relying on the fact that Purchaser has already determined its willingness to commit to acquire the Property. Accordingly, a Break-Up Fee is fair, reasonable and necessary to protect the Purchaser and to attract the Purchaser as a purchaser of the Property. Accordingly, the Debtor respectfully requests that the Break-Up Fee provision of the Agreement be explicitly approved and authorized by the Court.

## X. THE COMPETITIVE BIDDING PROCEDURES

25. "The purpose of procedural bidding orders is to facilitate an open and fair sale designed to maximize value for the estate. To accomplish that goal, bankruptcy courts are necessarily given discretion and latitude in conducting the sale." *In re Edwards,* 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998); *Corporate Assets, Inc. v. Paloian,* 368 F.3d 761, 767 ("bankruptcy court's confirmation or refusal to

confirm an asset sale will only be overturned in extreme cases, when the bankruptcy court has abused discretion").

26. The Debtor believes that the Bidding Procedures will effectuate these goals and that these procedures represent the best opportunity for the maximization of value for the estate and its creditors.  In this same vein, the Debtor believes that the Bidding Procedures adequately safeguard the interests of the estate and its creditors in achieving a maximum return from the sale of the Property. According, the Debtor respectfully requests that the Bidding Procedures be approved and authorized.

### XI. SECTION 363(F): SALE FREE AND CLEAR

27. Section 363 (f) of the Bankruptcy Code governs "free and clear" sales of estate property, providing, in relevant part, as follows:

> The trustee may sell property under subsection (b)... of this section free and clear of any interest in such property of an entity other than the estate, only if--
> (1) applicable nonbankruptcy law permits sale of such property fee and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f)

28. Accordingly, under this provision, the Debtor may sell the Property free and clear of all liens, claims, interests and encumbrances.  The Debtor believes that the free and clear provisions of the Agreement now comport, or at the time of sale will

comport, with §363(f). In this respect, the Debtor believes that all creditors asserting valid interests in and against the Property either already have, or prior to the Sale Hearing will likely have, consented to (or otherwise not object to) the sale or that such creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of their interest.

29. Further, the Debtor submits that any lien, claim, interest, or encumbrance asserted against the Property will be adequately protected by attachment to the Sale Proceeds. Accordingly, the Debtor respectfully requests that the Court permit the transfer of the Property to the Purchaser free and clear of all liens, claims, interests and encumbrances, with such liens, claims, interests and encumbrances attaching to the Sale Proceeds.

## XII. THE NOTICE PROCEDURES

30. Upon entry of the Procedures Order, the Debtor shall serve the Auction Notice, in substantially the form attached hereto, upon (a) all of the Debtor's creditors; (b) all entities known to have expressed a substantial interest in purchasing the Property; (c) all other entities known to have asserted any lien, claim, interest or encumbrance in or upon any Property; (d) all federal, state, and local regulatory or taxing authorities or recording offices which have reasonably known interest in the relief requested by the Motion; (e) the United States Trustee; and (f) the Internal Revenue Service. Subsequent to such service of the Auction Notice, the Debtor shall provide the Auction Notice in response to any party's written request.

31. The Debtor believes that if the foregoing Notice Procedures are approved and authorized, creditors and other parties in interest will receive adequate notice of the sale. Under these procedures, notice of the sale is reasonably calculated to provide timely and adequate notice to those parties most interested in the case, and those parties potentially interested in bidding for the Personal Property.

## XIII. NOTICE

Notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Lender; (iii) counsel to the Purchaser; and (iv) parties requesting notice in the case.  In light of the nature of the relief requested, the Debtor requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

WHEREFORE, the Debtor requests that this Court enter an order granting the relief requested in this Motion, specifically authorizing the terms, conditions and procedures as outlined herein and granting such other and further relief as the Court deems just and equitable.

TRINITY 83 DEVELOPMENT LLC, Debtor

By:   /s/ Gina B. Krol
      One of Attorneys for the Debtor

GINA B. KROL
COHEN & KROL
105 W. Madison Street
Suite 1100
Chicago, IL 60602
312/368-0300